# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VALENCIA R. GARNER,**

                     **Plaintiff,**

**v.**                                                 **Case No.  6:17-cv-1034-Orl-41GJK**

**CENTRAL INTELLIGENCE AGENCY;**
**HOLIDAY INN EXPRESS SUITE;**
**FEDERAL POLICE; and**
**BELLE ISLE POLICE CHIEF,**

                     **Defendants,**
_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **June 7, 2017** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED WITH PREJUDICE**. |

On June 7, 2017, pro se Plaintiff Valencia R. Garner instituted this action by filing a form titled Complaint for Violation of Civil Rights (the "Complaint"). Doc. No. 1. Plaintiff filed the Application to Proceed in District Court Without Prepaying Fees or Costs on the same day (the "Motion").  Doc. No. 2.

## I.     APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1]  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>> (A)  the allegation of poverty is untrue; or
>> (B)  the action or appeal --
>>> (i)  is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii)  seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[1]Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

2

### A.      Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.      Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Board*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Id.* at 329. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v.*

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

*Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327.

## II.    ANALYSIS

The Complaint is incomprehensible. There are allegations regarding the condition of the hotel room during Plaintiff's stay at the Holiday Inn Express, burglary of the room, stalking, being threatened by the Central Intelligence Agency, and kidnapping. Doc. No. 1 at 5-8. Plaintiff attaches photographs to the Complaint of parts of the hotel room, the back of a person's bottom half, and a foot, among other things, without any coherent explanation of the photographs' meanings. Doc. No. 1-2.

The allegations in the Complaint are "clearly baseless," "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Because they are patently frivolous on their face, they have no reasonable chance of success, and dismissal is warranted. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). The undersigned therefore recommends that the Court enter an order denying the Motion and dismissing the case with prejudice.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the case with prejudice; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

     Recommended in Orlando, Florida, on June 12, 2017.

                                      GREGORY J. KELLY
                           UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party

5